# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETCHEGARAY FARMS, LLC, a California limited liability company,<br><br>Plaintiff<br><br>v.<br><br>LEHR BROTHERS, INC., a California corporation d/b/a Big L Packers, et al.,<br><br>Defendant | CASE NO. 1:17-CV-1449 AWI JLT<br><br>ORDER VACATING THE FEBRUARY 12, 2018 HEARING ON THE MOTION TO CONSOLIDATE AND ORDER CONSOLIDATING CASES<br><br>(Doc. No. 12) |

This is a Perishable Agricultural Commodities Act ("PACA") (7 U.S.C. § 499a et seq.) case based on the sale and distribution of organic lemons. Currently before the Court is Plaintiff Etchegaray Farm's ("Etchegaray") motion to consolidate this case, 1:17-CV-1449 AWI JLT ("1449 Case"), with *Lehr Bros., Inc. v. Etchegaray Farms, LLC*, 1:17-CV-1762 AWI JLT ("1762 Case"). This motion is currently set for hearing on February 12, 2018. Pursuant to Local Rule 230(g), Defendants had until January 29, 2018 in which to file an opposition. To date, no opposition or response of any kind has been filed by Defendants. For the reasons that follow, the Court will vacate the February 12, 2018 hearing date on the motion to consolidate and grant the motion.

*Plaintiff's Argument*

Etchegaray contends that consolidation for all purposes under Rule 42(a) is appropriate because: (1) both cases involve common parties (Etchegaray Farms, Lehr Brothers, and California Potato Sales; (2) both cases involve common issues of law (in the 1449 Case, Etchegaray Farms

seeks damages based on breach of contract and statute, whereas in the 1762 Case, Lehr Bros. and California Potato Sales seek "set offs" based on affirmative defenses); (3) both cases involve common facts (the contracts at issue for the 2013 through 2017 growing seasons); (4) consolidation will eliminate the risk of prejudice to both parties if one case is decided before the other, as both cases are within 90 days of their respective filing dates and no discovery has occurred; and (5) since the actions involve the same set of facts, the same questions of law, and the same parties, consolidation will aid in the efficient and economic disposition of one joint action and conserve judicial resources by not requiring separate duplicative litigation.

*Legal Standard*

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855-56 (9th Cir. 2016); Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

*Discussion*

There is no dispute that the two cases involve common parties, issues of fact, and issues of law:[1] both cases revolve around the packing and disposition of organic lemons between the parties between 2013 and 2017. Consolidating these related cases would conserve judicial

---

[1] The Court notes that Plaintiff has stated the claims in the 1762 Case are essentially claims of "set off" or affirmative defenses. The claims alleged in the 1762 Case are open book, money lent, rescission, reformation, and declaratory relief. The Court makes no determination whether these five claims are merely for "set off" as argued by Etchegaray.

2

resources and appear to be more convenient for the parties. Moreover, there is no apparent inconvenience, delay, or expense that would result from consolidation. In the absence of an opposition, there is no good reason not to consolidate these actions for all purposes. Under these circumstances, consolidating and merging these cases for all purposes into one case would be efficient. See Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011). Therefore, the Court will grant Etchegaray's motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The February 12, 2018 hearing on the motion to consolidate is VACATED;
2. The motion to consolidate (Doc. No. 12) is GRANTED;
3. The Clerk shall consolidate *Etchegaray Farms, LLC v. Lehr Bros., Inc., et al.,* 1:17-CV-1449 AWI JLT with *Lehr Bros., Inc., et al. v. Etchegaray Farms, LLC,* 1:17-CV-1762 AWI JLT for all purposes;
4. All future filings and correspondences shall use case number 1:17-CV-1449 AWI JLT;
5. The Clerk shall move Doc. Nos. 1, 5, 6, 7, 8, 9, 10, 11, 12, and 13 from the docket of 1:17-CV-1762 AWI JLT over to the docket of 1:17-CV-1449 AWI JLT;
6. The Clerk shall administratively close *Lehr Bros., Inc., et al. v. Etchegaray Farms, LLC,* 1:17-CV-1762 AWI JLT;[2] and
7. The Clerk shall file a copy of this order in Case No. 1: 17-CV-1762 AWI JLT.

IT IS SO ORDERED.

Dated:  February 7, 2018                                  _____
                                                          SENIOR DISTRICT JUDGE

---

[2] The Court notes that administratively closing this case has no impact whatsoever on the merits.

3